# Exhibit 3

**HCDistrictclerk.com**  WHITAKER, BRUCE vs. VISTA STAFFING SOLUTIONS    3/20/2017
INC
Cause: 201708636     CDI: 7     Court: 127

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| File Date | 2/7/2017 | Court | 127th |
| Case (Cause) Location | Civil Intake 1st Floor | Address | 201 CAROLINE (Floor: 10) |
| Case (Cause) Status | Active - Civil | | HOUSTON, TX 77002 |
| Case (Cause) Type | FRAUD | | Phone:7133686161 |
| Next/Last Setting Date | N/A | JudgeName | R K SANDILL |
| Jury Fee Paid Date | 2/7/2017 | Court Type | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| WHITAKER, BRUCE | PLAINTIFF - CIVIL | | SHINDLER, KACY JOY |
| %MCDOW WELLS, HOUSTON, TX 77006 | | | |
| VISTA STAFFING SOLUTIONS INC | DEFENDANT - CIVIL | | |
| WHITAKER, BETTY (DBA THE WHITAKER COMPANIES INC) | PLAINTIFF - CIVIL | | SHINDLER, KACY JOY |
| %MCDOW WELLS LLP,, HOUSTON, TX 77006 | | | |
| THE WHITAKER COMPANIES INC | PLAINTIFF - CIVIL | | SHINDLER, KACY JOY |

%MCDOW WELLS LLP,, HOUSTON, TX 77515

| | |
|---|---|
| ON ASSIGNMENT INC | DEFENDANT - CIVIL |
| ENVISION HEALTHCARE HOLDINGS INC EMCARE DIVISION | DEFENDANT - CIVIL |
| VISTA STAFFING SOLUTIONS INC (DELAWARE CORPORATION) BY SERVING ITS | REGISTERED AGENT |
| ON ASSIGNMENT INC (DELAWARE CORPORATION) BY SERVING THE TEXAS | REGISTERED AGENT |
| ENVISION HEALTHCARE HOLDINGS INC/ EMCARE DIVISION (DELAWARE | REGISTERED AGENT |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 2/7/2017 | ORIGINAL PETITION | | | 0 | | SHINDLER, KACY JOY | WHITAKER, BRUCE |
| 2/7/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 2/7/2017 | ORIGINAL PETITION | | | 0 | | SHINDLER, KACY JOY | THE WHITAKER COMPANIES INC |
| 2/7/2017 | ORIGINAL PETITION | | | 0 | | SHINDLER, KACY JOY | WHITAKER, BETTY (DBA THE WHITAKER COMPANIES INC) |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE RETURNED | ORIGINAL PETITION | VISTA STAFFING SOLUTIONS INC (DELAWARE CORPORATION) BY SERVING ITS | 2/7/2017 | 2/8/2017 | 2/28/2017 | | | 73338523 | CIV AGCY-CIVILIAN SERVICE AGENCY |

211 EAST 7TH STREET STE 620 AUSTIN TX 78701

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (SECRETARY OF STATE CORPORATE NON-RESIDENT | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ON ASSIGNMENT INC (DELAWARE CORPORATION) BY SERVING THE TEXAS | 2/7/2017 | 2/8/2017 | 3/3/2017 | | | 73338539 | CIV AGCY-CIVILIAN SERVICE AGENCY |

26745 MALIBU HILLS ROAD CALABASAS CA 91304

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ENVISION HEALTHCARE HOLDINGS INC/ EMCARE DIVISION (DELAWARE | 2/7/2017 | 2/8/2017 | 2/28/2017 | | | 73338542 | CIV AGCY-CIVILIAN SERVICE AGENCY |

211 EAST 7TH STREET STE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 74177304 | Secretary of State (ON ASSIGNMENT INC) | | 03/09/2017 | 2 |
| 74123654 | Officers return | | 03/06/2017 | 3 |
| 74123655 | Officers Return | | 03/06/2017 | 3 |
| 73806587 | Civil Process Pick-Up Form | | 02/08/2017 | 1 |
| 73751998 | Plaintiff's Original Petition | | 02/07/2017 | 14 |
| | Plaintiff's Original Petition | | 02/07/2017 | |
| -> 73751999 | Civil Case Information Sheet | | 02/07/2017 | 2 |
| | Civil Case Information Sheet | | 02/07/2017 | |
| -> 73752000 | Civil Process Request Form | | 02/07/2017 | 2 |
| | Civil Process Request Form | | 02/07/2017 | |
| 73751998 | Plaintiff's Original Petition | | 02/07/2017 | 14 |
| -> 73751999 | Civil Case Information Sheet | | 02/07/2017 | 2 |
| -> 73752000 | Civil Process Request Form | | 02/07/2017 | 2 |

2/7/2017 3:45:51 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15182880
By: Jacob Blessing
Filed: 2/7/2017 3:45:51 PM

# 2017-08636 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| BRUCE & BETTY WHITAKER d/b/a/ | § | IN THE DISTRICT COURT |
| THE WHITAKER COMPANIES, INC., | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| VISTA STAFFING SOLUTIONS, INC.; | § | _____ JUDICIAL DISTRICT |
| ON ASSIGNMENT, INC.; & ENVISION | § | |
| HEALTHCARE HOLDINGS, | § | |
| INC./EMCARE DIVISION, | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Bruce Whitaker and Betty Whitaker d/b/a The Whitaker Companies, Inc. and file this Original Petition complaining of Defendants Vista Staffing Solutions, Inc.; On Assignment, Inc.; and Envision Healthcare Holdings, Inc./EmCare Division.  In support of this Petition, Plaintiffs respectfully show as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs request that discovery be conducted under Level 2 of the Discovery Control Plan, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. Plaintiffs affirmatively plead that the instant lawsuit is not governed by the expedited discovery process under Tex. R. Civ. P. 169, as Plaintiffs are seeking monetary relief in excess of $100,000.

### CLAIM FOR RELIEF

2.      Plaintiffs in this case seek monetary damages in an amount over $1,000,000.00

### PARTIES

*Plaintiffs' Original Petition*                                          1

Certified Document Number: 73751998 - Page 1 of 14

Certified Document Number: 73751998 - Page 2 of 14

3.     Plaintiffs Bruce Whitaker and Betty Whitaker (hereinafter "Whitaker") are individuals and residents of Houston, Texas.  Plaintiffs bring the instant suit in their individual capacities, as well as in their capacity as co-owners of The Whitaker Companies, Inc., an S-Corporation registered in the State of Texas.

4.     Defendant Vista Staffing Solutions, Inc. (hereinafter "Vista") is a Delaware corporation doing business in Texas with its principal place of business located at 6200 S. Syracuse Way, Suite 200, Greenwood Village, Colorado 80111.  Vista may be served with civil process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at its registered office located at 211 East 7th Street, Ste. 620, Austin, TX 78701.

5.     Defendant On Assignment, Inc. (hereinafter "On Assignment") is a Delaware corporation with its principal place of business located at 26745 Malibu Hills Road, Calabasas, California 91304.  On Assignment may be served with civil process by serving by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant is required to register with the Secretary of State but failed to appoint or maintain a registered agent for service of process.

6.     Defendant Envision Healthcare Holdings, Inc./EmCare Division (hereinafter "Envision") is a Delaware corporation with its principal place of business located at 6200 S. Syracuse Way, Suite 200, Greenwood Village, Colorado 80111 and may be served with civil process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at its registered office located at 211 East 7th Street, Ste. 620, Austin, TX 78701.

<u>JURISDICTION</u>

7.      This Court has personal jurisdiction over Defendants Vista, On Assignment, and Envision, nonresident corporations, because Defendants engaged in business in Texas by contracting with a Texas resident. The contract was performed in whole or part in Texas by both Parties.

<u>VENUE</u>

8.      Venue for this suit is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code § 15.035(a) as the parties stipulated to any state court sitting in Houston, Texas, in the Membership Interest Purchase Agreement.

<u>STATEMENT OF FACTS</u>

9.      On or about December 2, 2013, Whitaker contracted with Vista to sell and convey all issued and outstanding membership interests in three Whitaker-owned businesses operating in the field of medical personnel staffing and recruitment: Whitaker Medical, LLC ("Whitaker Medical"); Whitaker Medical Services Group, Inc., ("WMSG"); and Whitaker Physicians Services, LLC ("WPS") (collectively "Whitaker Interests").

10.      The terms of the agreement were reduced to writing in the Membership Interest Purchase Agreement (hereinafter "Purchase Agreement"). Vista was the purchaser of all interests conveyed by the Purchase Agreement, and On Assignment acted as guarantor.

11.      The Purchase Agreement included an "Earnout Amount" which provided for an increase in the purchase price of up to $5,000,000.00 if certain financial thresholds

Certified Document Number: 73751998 - Page 3 of 14

*Plaintiffs' Original Petition*                    3

were met. The Parties agreed that the Earnout Amount was an integral part of Purchase Agreement.

12.     Pursuant to the Purchase Agreement, Whitaker Medical must produce a 10% growth in profits and achieve a minimum gross margin percentage of 30% for each Earnout Period in order to warrant an earnout payment. The Earnout Amount is calculated using a base figure constituting 8.5% of Whitaker Medical's total revenue for the applicable Earnout Period, prior to adding interest, taxes, depreciation, and amortization ("EBITDA").

13.     Assignment and Vista initially worked closely with Whitaker to foster the rapid growth of Whitaker Medical.   All parties agreed that aggressive expansion of Whitaker Medical was in the collective best interest, to facilitate Whitaker achieving an earnout payment during the 2014 fiscal year as well as the benefit of new business to Defendants.   To that end, it was necessary for Vista and On Assignment to devote resources to the hiring and training of service providers.

14.     On or before April of 2014, On Assignment unexpectedly stopped promoting a policy of rapid growth for Whitaker Medical and withdrew its direct support for the hiring and training of new personnel.   At approximately the same time, On Assignment instituted an unofficial hiring freeze by declining to interview otherwise-qualified candidates for positions that were either vacant or proximately available. Defendants further prohibited Whitaker from recruiting in-house personnel on their own by transferring this responsibility from the Whitaker Medical office in Houston to the Vista office in Salt Lake City, Utah.

Certified Document Number: 73751998 - Page 4 of 14

15.     On or about January 25, 2015, Vista and On Assignment negotiated the sale of all outstanding shares of Vista to Envision.   Whitaker gave permission for Envision to assume the obligations and commitments regarding the Earnout Amount for the fiscal year of 2015 ending on January 1, 2016.

16.     Following its purchase of Vista, Envision unilaterally changed the compensation structure for employees of Vista and Whitaker Medical.  Without notifying Whitaker, Envision changed the traditional payment structure based on gross margin level by removing the commission or compensation penalties discouraging or prohibiting individual transactions that fell below certain margin levels.

17.      On or about March 23, 2016, Whitaker contacted Envision, inquiring as to the status of Envision's earnout computations. Pursuant to the terms of the Purchase Agreement, Whitaker was entitled to receive Whitaker Medical's financial information and the computation of the Earnout Amount on or before March 31, 2016.

18.     In response to Whitaker's request for copies of its earnout calculations, Envision claimed on April 28, 2016, that Whitaker Medical had failed to achieve the minimum 30% gross margin level for 2015.   Based on the this allegation, Envision denied that Whitaker was entitled to any pro rata Earnout Amount for the 2015 Earnout Period.

19.     On or about May 10, 2016, Whitaker responded to Envision's earnout decision and initial calculations by issuing an Earnout Dispute Notice pursuant the Purchase Agreement. As grounds for this notice, Whitaker disputed Envision's calculations of the Earnout EBITDA and the Earnout Amount achieved based on the EBITDA.  Specifically, Whitaker claimed that Envision failed to provide any of the

Certified Document Number: 73751998 - Page 5 of 14

required financial information prior to the expiration of the contractual 90-day period ending on March 31, 2016.  Whitaker also disputed that the information Envision had provided was not sufficient to determine the correct 2015 Earnout EBITDA amount or support Envisions earnout decision.  In response, Whitaker requested an itemized list of additional information necessary to comply with the Purchase Agreement earnout provisions—in particular information regarding the gross margin percentages for the former Whitaker companies.

20.     In response to Whitaker's Earnout Dispute Notice on June 3, 2016, Envision provided updated accounting information and acknowledged that it had changed its internal accounting software in July 2015.  Due to this switch, Envision claimed that it was unable to provide of the information requested by Whitaker.

21.     Whitaker again contacted Envision on July 25, 2016, requesting additional information and clarification of Envision's accounting procedures because the information provided was insufficient. To date, Envision has not provided any additional information to supplement its accounting or earnout computations for the 2015 Earnout Period.

<u>CAUSES OF ACTION</u>

<u>FRAUD</u>

22.     Plaintiffs re-allege and incorporate by reference the allegations made in Paragraphs 1 through 22 as if set forth fully herein.

23.     Pleading in the alternative, in addition to and without waiving any other cause of action pleaded herein, Whitaker alleges that Defendants are liable to Whitaker for statutory and common law fraud.

Certified Document Number: 73751998 - Page 6 of 14

*Plaintiffs' Original Petition*                    6

24.     Throughout the course of their dealings with Whitaker, Defendants made misrepresentations or omissions of material fact to Whitaker, such misrepresentations and omissions were false, and Defendants knew them to be false when made, or recklessly made them as a positive assertion without knowledge of the truth.  These assertions were made with the intent to induce Whitaker to action, and Whitaker suffered injury by relying to their detriment on such misrepresentations or omissions.

**A.     2014 Earnout Period**

25.     Whitaker re-alleges and incorporate by reference the allegations made in Paragraphs 1 through 25 as if set forth fully herein.

26.     On Assignment and Vista are liable to Whitaker for fraud as it relates to the earnout provisions for the 2014 Earnout Period and the manipulation of expenses to maximize its own profits in the sale of Vista to Envision.

27.     Vista and On Assignment committed statutory and common law fraud by covenanting to pay Whitaker an Earnout Amount pursuant to the contracted conditions but misrepresenting its intention to engage in negotiations with Envision that would directly affect Whitaker's ability to achieve either of the Earnout Amount prerequisites under the Purchase Agreement.

28.     On Assignment initially urged Whitaker to grow Whitaker Medical at a much faster rate than the company had experienced prior to acquisition by Defendants. On Assignment insisted that rapid expansion and hiring was necessary to ensure that Plaintiffs achieved the earnout profitability threshold.   On Assignment specifically covenanted to protect Whitaker against any negative results of the additional staffing by allowing Whitaker to use Vista expense levels.

Certified Document Number: 73751998 - Page 7 of 14

29.     Within three months, however, On Assignment stopped hiring new medical recruiters altogether. On Assignment and Vista also increased their own profitability by eliminating the significant staffing expenditures for the continued growth of Whitaker Medical.

30.     On Assignment and Vista committed statutory fraud when it covenanted with Whitaker to expand its services and staff only to institute a moratorium on hiring any new personnel.  Whitaker relied on the material representations made by Defendants regarding the Purchase Agreement earnout provisions to its detriment.

**B.     2015 Earnout Period**

31.     Whitaker re-alleges and incorporate by reference the allegations made in Paragraphs 1 through 31 as if set forth fully herein.

32.     Envision committed statutory fraud when it unilaterally altered the employee compensation structure at Whitaker Medical in order to deny paying Whitaker an Earnout Amount to which they were entitled.  By artificially lowering the company's gross margin percentage, Defendants effectively negated the sole remaining metric by which Whitaker would be entitled to an earnout payment without the knowledge or consent of Whitaker.

33.     By removing the penalties that discouraged transactions below certain margin levels, managers at Whitaker Medical and Vista were allowed to contract with new client healthcare providers without any assurances that their businesses would be profitable.  As the number of lower-margin deals increased, the overall gross margin percentage of the company was affected as well. Envision then denied that Whitaker was

Certified Document Number: 73751998 - Page 8 of 14

entitled to any Earnout Amount for 2015 based exclusively on its calculation of Whitaker Medical's gross margin below 30%.

34.     Envision is liable to Whitaker for actual damages Whitaker suffered as a result of the fraud Defendants committed.

### BREACH OF CONTRACT

35.     Whitaker re-alleges and incorporate by reference the allegations made in Paragraphs 1 through 35 as if set forth fully herein.

36.     Pleading in the alternative, in addition to and without waiving any other cause of action pleaded herein, Whitaker alleges that Defendants are liable to Whitaker for breach of contract.

37.     Payment of the Earnout Amount as contracted was considered an integral part of the agreement and remains an unconditional obligation upon any transferee, subsequent purchaser, or successor in interest in the event of any sale or transfer of the Company's assets and interests.

### A.     Breach Committed by Vista and On Assignment

38.     The Purchase Agreement required Defendants to pay Whitaker an Earnout Amount, provided that Whitaker Medical reached the financial thresholds to which all parties agreed under the Purchase Agreement. On Assignment and Vista committed breach of contract by refusing to interview or hire any new employees during the 2014 Earnout Period. This artificial restriction of Whitaker Medical's personnel and resources resulted in the Whitaker's failure to achieve the first earnout threshold.

39.     Defendants are liable for all actual damages as may be proven at trial for breaching the earnout provisions of the Purchase Agreement.

Certified Document Number: 73751998 - Page 9 of 14

**B.**     **Breach Committed by Envision**

40.     Whitaker re-alleges and incorporate by reference the allegations made in Paragraphs 1 through 40 as if set forth fully herein.

41.     A valid contract between Whitaker and Defendant Envision was created when Envision specifically assumed the rights and obligations of On Assignment and Vista.

42.     Envision committed breach of contract by failing to comply with its contractual obligation to provide Whitaker with accurate, complete, and verifiable accounting information and copies of its calculations based on this information to determine the 2015 Earnout EBITDA and Earnout Amount.

43.     Envision also committed breach of contract when it failed to maintain accurate accounting records for Whitaker Medical that could be used reliably to determine the Earnout Amount thereby preventing Whitaker from verifying the accuracy of its computations.

44.     In January of 2015, Envision purchased all outstanding shares of Vista. Incident to this purchase, Envision voluntarily assumed responsibility for Vista's duties regarding the potential Earnout Amount that would be owed to Whitaker.  Defendants had an affirmative duty to: (1) determine the Earnout EBITDA for the appropriate earnout period within ninety (90) days following the completion of that period and provide Whitaker with a copy of its computations, and (2) convey via wire transfer to the Whitaker any Earnout Amount.

45.     Envision failed to prepare the required calculations regarding the Earnout Amount for the 2015 Earnout Period.  Whitaker was not provided with any financial

Certified Document Number: 73751998 - Page 10 of 14

*Plaintiffs' Original Petition*                         10

information or computations of the gross margin until after the expiration of the contracted 90-day period.

46.     Whitaker was damaged by Envision's breach of contract when it denied that Whitaker was owned an Earnout Amount based on its own failure to provide Whitaker with timely, accurate, and complete accounting information and when it failed to provide copies of its earnout computation.

### BREACH OF FIDUCIARY DUTY

47.     Whitaker re-alleges and incorporate by reference the allegations made in Paragraphs 1 through 47 as if set forth fully herein.

48.     Pleading in the alternative, in addition to and without waiving any other cause of action pleaded herein, Whitaker alleges that Defendants breached fiduciary duties owed to Whitaker.

49.     Defendants assumed a confidential and trustee-like position over the Whitaker's ability to achieve the earnout thresholds.  Whitaker continued to manage Whitaker Medical after it was conveyed to Defendants for their economic benefit at the same time that Defendants possessed direct control over the information and resources that would determine Whitaker's earnout payments.  Defendants breached their fiduciary duties by attempting to obviate, undermine, or invalidate the binding terms of the Purchase Agreement and Earnout Amount.

50.     On Assignment and Vista, as the purchasers of Whitaker's business interests, breached their fiduciary duties of loyalty, candor, fair and honest dealing, disclosure, and to refrain from self-dealing when they failed to disclose a moratorium on hiring additional staff and sought to increase the purchase price of Vista at the expense of

Certified Document Number: 73751998 - Page 11 of 14

Whitaker Medical's revenue. Defendants deliberately reduced the expenses promised to Whitaker in order to maximize their own profits in the sale to Envision.

51.    Envision breached its fiduciary duty of fair and honest dealing, disclosure, and to refrain from self-dealing when it withheld accounting information regarding the 2015 Earnout Period from Whitaker.

52.    Envision further breached its fiduciary duties of disclosure, self-dealing, and fair and honest dealing by engaging in deceptive and unannounced practices designed to manipulate the gross margin percentages of Whitaker Medical.  Whitaker trusted Defendants to honor their contractual obligations by fairly and truthfully calculating the annual Earnout EBITDA and Earnout Amount for the 2015 Earnout Period.  In order to avoid the obligations associated with the Whitaker's earnout provisions, Envision temporarily and deliberately re-structured its internal compensation program by removing the gross margin percentage as the basis for its employees' salaries, bonuses, and penalties.

53.    As trusting parties acting in good faith, Whitaker was damaged by Defendants' breach of fiduciary duties associated with the earnout provision of the Purchase Agreement.  Defendants are liable to for all actual damages that may be proven at trial.

## ATTORNEYS' FEES

54.    Paragraphs 1 through 54 are incorporated by reference as if set forth fully herein.

55.    Whitaker has agreed to compensate the attorneys of McDowell Wells, LLP reasonable fees in exchange for their counsel, representation, and services.

Certified Document Number: 73751998 - Page 12 of 14

Whitaker is entitled to reasonable attorneys' fees pursuant to Tex. Civ. Prac. & Rem. §
38.001, *et seq.* as Whitaker has filed a claim for breach of a written contract.

### JURY DEMAND

56.     Whitaker requests a trial by jury on all issues of disputed fact and has paid
the associated fee.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Bruce and Betty Whitaker
respectfully request that, upon final hearing, they be awarded judgment against
Defendants On Assignment, Inc.; Vista Staffing Solutions, Inc.; and Envision Healthcare
Holdings, Inc./EmCare Division for all:

(1)     actual, consequential, and special damages in an amount within the
        jurisdictional limits of this Court;

(2)     exemplary damages as authorized by Tex. Civ. Prac. & Rem. Code §
        41.003(a) ;

(3)     Reasonable attorneys' fees and expenses, including the estimated amounts
        necessary for each appeal should the case be appealed to a higher court,
        and court costs pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, *et seq.*;

(4)     pre-judgment and post-judgment interest at the maximum allowed by law;
        and

(5)     any further relief , both general and special, at law or equity to which
        Plaintiffs show they are entitled by law.

Certified Document Number: 73751998 - Page 13 of 14

*Plaintiffs' Original Petition*                              13

Respectfully submitted,

MCDOWELL WELLS, L.L.P.


/s/ Kacy Shindler
John T. McDowell
SBN 13570850
tm@houstontrialattorneys.com
Kacy Shindler
SBN 24088407
ks@houstontrialattorneys.com
603 Avondale
Houston, Texas 77006
Telephone: (713) 655-9595
Facsimile: (713) 655-7868
ATTORNEYS FOR PLAINTIFFS
BRUCE AND BETTY WHITAKER



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 13, 2017

Certified Document Number:        73751998 Total Pages:  14

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

3/6/2017 2:12:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15686783
By: SHELLEY BOONE
Filed: 3/6/2017 2:12:16 PM

Cause No.: 201708636                    {}          In the 127th District Court
                                        {}          HARRIS County
Plaintiff:                              {}
BRUCE WHITAKER

Defendant:
VISTA STAFFING SOLUTIONS INC


Officer's Return

Came to hand February 27, 2017 at 11:52 A.M. and executed in Travis
County, Texas, on February 28, 2017 at 10:26 A.M. by delivering to VISTA
STAFFING SOLUTIONS INC (DELAWARE CORPORATION) by delivering to its
registered agent, Corporation Service Company d/b/a CSC Lawyers
Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin,
Texas 78701, by delivering to SUE VERTREES, designated agent for service,
a true copy of the citation CORPORATE together with accompanying copy of
the Plaintiff's ORIGINAL petition.


                                        Carlos B. Lopez,
                        Travis County Constable Precinct 5
                                        Travis County, Texas


                        by: _____
                                        Alan Redd, Deputy



Carlos B. Lopez, Constable
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
February 28, 2017

DISTRICT CLERK HARRIS CNTY
201 CAROLINE
HOUSTON, TX 77002

INVOICE

Cause Nbr:  201708636-2
Plaintiff:  BRUCE WHITAKER
Service Name:  VISTA STAFFING SOLUTIONS INC (

Service Fee:  75.00
Payment Received:  75.00
Balance Due:   0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
www.Constable5.com
Be sure to bookmark the ServiceCheck page

RECEIPT NUMBER _____ 0.00

TRACKING NUMBER _____ 73338523  CIV

CAUSE NUMBER _____ 201708636 _____

| PLAINTIFF: WHITAKER, BRUCE | In The 127th |
| vs. | Judicial District Court of |
| DEFENDANT: VISTA STAFFING SOLUTIONS INC | Harris County, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: VISTA STAFFING SOLUTIONS INC (DELAWARE CORPORATION) BY SERVING ITS
   REGISTERED AGENT CORPORATION SERVICE COMPANY (DBA CSC-LAWYERS
   INCORPORATING SERVICE COMPANY

   211  EAST 7TH STREET STE 620   AUSTIN TX 78701

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>.

This instrument was filed on the _____7th_____ day of _____February_____, 20__17__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __8th__ day of _____February_____, 20__17__.

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Issued at request of:
SHINDLER, KACY JOY
603  AVONDALE STREET
HOUSTON, TX  77006
TEL: (713) 655-9595
Bar Number: 24088407

Generated by: KEYS, CHARLIE  CMA//1060334?

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____

(STREET ADDRESS)                                      (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its

(THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____

(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,

(DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.

(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____                    By: _____

(SIGNATURE OF OFFICIAL)

Printed Name: Carlos B. Lopez

As De_____ Constable Pct. 5, Travis County, Texas

(PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

Affiant Other Than Officer _____

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P                    *73338523*

Certified Document Number: 74123654 - Page 3 of 3

pd $150.00 # 1120 m



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 13, 2017

Certified Document Number:        74123654 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

3/6/2017 2:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 15686783
By: SHELLEY BOONE
Filed: 3/6/2017 2:12:16 PM

Cause No.: 201708636      {}     In the 127th District Court
                                {}     HARRIS County

Plaintiff:                          {}
BRUCE WHITAKER

Defendant:
VISTA STAFFING SOLUTIONS INC

### Officer's Return

Came to hand February 27, 2017 at 11:52 A.M. and executed in Travis County, Texas, on February 28, 2017 at 10:26 A.M. by delivering to ENVISION HEALTHCARE HOLDINGS INC/EMCARE DIVISION (DELAWARE CORPORATION) by delivering to its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, by delivering to SUE VERTREES, designated agent for service, a true copy of the citation CORPORATE together with accompanying copy of the Plaintiff's ORIGINAL petition.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas

by:_____
Alan Redd, Deputy

Certified Document Number: 74123655 - Page 1 of 3



Carlos B. Lopez, Constable
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
February 28, 2017

DISTRICT CLERK HARRIS CNTY
201 CAROLINE
HOUSTON, TX 77002

INVOICE

Cause Nbr:  201708636-1
Plaintiff:  BRUCE WHITAKER
Service Name:  ENVISION HEALTHCARE HOLDINGS I

Service Fee:  75.00
Payment Received:   75.00
Balance Due:    0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
www.Constable5.com
Be sure to bookmark the ServiceCheck page

Certified Document Number: 74123655 - Page 2 of 3

RECEIPT NUMBER _____ 0.00

TRACKING NUMBER ____ 73338542 CIV

CAUSE NUMBER    201708636

| PLAINTIFF: WHITAKER, BRUCE | In The 127th |
|---|---|
| vs. | Judicial District Court of |
| DEFENDANT: VISTA STAFFING SOLUTIONS INC | Harris County, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: ENVISION HEALTHCARE HOLDINGS INC/ EMCARE DIVISION (DELAWARE
    CORPORATION) BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE
    COMPANY (DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY)
    211 EAST 7TH STREET STE 620   AUSTIN TX 78701

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___7th___ day of _____February_____, 20 _17_, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**
   This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___8th___ day of
_____February_____ , 20 _17_.

Issued at request of:
SHINDLER, KACY JOY
603  AVONDALE STREET
HOUSTON, TX  77006
TEL: (713) 655-9595
Bar Number: 24088407

*Chris Daniel*
**CHRIS DANIEL**, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: KEYS, CHARLIE  CMA//10603347

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____
                                                                                        (STREET ADDRESS)                         (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                       (DESCRIPTION OF PETITION, E.G. "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
                                                       (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____                                  By: _____
                                                                          (SIGNATURE OF OFFICER)

                                                 Printed Name: Carlos B. Lopez
                                                 Constable Pct. 5, Travis County, Texas

                                                 As Deputy for: _____
Affiant Other Than Officer                                          (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P                              *73338542*

pd $150.00 #7800



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 13, 2017

Certified Document Number:        74123655 Total Pages:  3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

3/9/2017 11:53:59 AM
Chris Daniel - District Clerk Harris County
Envelope No. 15765238
By: CAROL WILLIAMS
Filed: 3/9/2017 11:53:59 AM



# The State of Texas
## Secretary of State

2017-276263-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the CITATION AND PLAINTIFF'S ORIGINAL PETITION in the cause styled:

BRUCE WHITAKER VS. VISTA STAFFING SOLUTIONS INC
127th Judicial District Court Of Harris County, Texas
Cause No: 201708636

was received by this office on February 23, 2017, and that a copy was forwarded on February 27, 2017, by CERTIFIED MAIL, return receipt requested to:

ON ASSIGNMENT INC
CORPORATION SERVICE COMPANY (DBA CSC-LAWYER INCORPORATING SERVICE COMPANY)
26745 Malibu Hills Road
Calabasas, CA 91304

The RETURN RECEIPT was received in this office dated March 3, 2017, bearing signature.



Date issued: March 6, 2017

Rolando B. Pablos
Secretary of State

GF/vo

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

March 6, 2017

Kacy Shindler
McDowell Wells LLP
603 Avondale Street
Houston, TX 77006

<div style="border:1px solid">

**2017-276263**

Include reference number in
all correspondence

</div>

RE: BRUCE WHITAKER VS. VISTA STAFFING SOLUTIONS INC
    127th Judicial District Court Of Harris County, Texas
    Cause No: 201708636

Dear Sir/Madam:

Please find enclosed your Certificate(s) of Service for the case styled above.

If this office may be of further assistance to you, please do not hesitate to contact us.

Sincerely,

Michael Orta
Service of Process

Enclosure



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 13, 2017


Certified Document Number:        74177304 Total Pages:  2


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com